IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**, <br><br> and <br><br> **THE ASSOCIATED PRESS**, <br><br>        Plaintiffs, <br><br>   v. <br><br> **FEDERAL BUREAU OF INVESTIGATION,** <br><br> and <br><br> **UNITED STATES DEPARTMENT OF JUSTICE** <br><br>        Defendants. | Civil Action No. 15-cv-1392 (RJL) |

## JOINT MEET AND CONFER STATEMENT

The Reporters Committee for Freedom of the Press ("Reporters Committee" or "RCFP") and The Associated Press ("AP") (collectively, "Plaintiffs"), and the Federal Bureau of Investigation ("FBI") and United States Department of Justice ("DOJ") (collectively, "Defendants"), by and through their undersigned counsel, hereby submit this Joint Meet and Confer Statement in accordance with Fed. R. Civ. Proc. 26, Local Rule 16.3 and this Court's August 27, 2015 Case Management Order.

1

I.      **Joint Statement of the Facts of the Case**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief.  Plaintiffs submitted three FOIA requests that the Complaint describes as seeking "records concerning the FBI's practice of impersonating members of the news media, including the AP," and the FBI's policies and procedures related to that alleged practice.  Complt., ¶¶ 2, 11 (citing Gene Johnson, *FBI says it faked AP story to catch bomb suspect*, The Associated Press (Oct. 28, 2014), http://perma.cc/ZH7W-XBFS).  One request was submitted by the AP on November 6, 2014 (the "AP Request").  Two requests were submitted by RCFP on October 31, 2014 (the "First" and "Second RCFP Request").

The FBI acknowledged receipt of the AP Request on December 1, 2014 and granted expedited processing on December 8.  On December 10, the FBI informed the AP that its request had been combined with a request received from an unidentified third party and was being "closed administratively."  The AP sought clarification of that response and information concerning the status of its request.  In response, the FBI stated, *inter alia*, that the estimated completion time for large requests is 649 days.  On July 7, 2015, the AP filed an administrative appeal asserting that the FBI had failed to make a determination with respect to its request.  On August 21, the DOJ informed the AP that it would not consider its administrative appeal.

The FBI acknowledged receipt of RCFPs FOIA requests on November 3, 2014.  On May 18, 2015, the FBI stated that it was unable to locate records responsive to the First RCFP Request.  On June 2, RCFP submitted an administrative appeal challenging the sufficiency of the FBI's search for responsive records.  On August 5, the DOJ upheld the adequacy of the FBI's search.  On June 2, RCFP filed an administrative appeal asserting that the FBI had failed to make a determination as to the Second RCFP Request.  On August 4, the DOJ informed RCFP that it would not consider that administrative appeal.  This lawsuit was filed on August 27, 2015.

## II. Defendants' Statement of Additional Facts

The FBI acknowledges that, before this lawsuit was filed, the agency made certain mistakes in responding to Plaintiffs. In particular, the FBI interpreted the First RCFP request in error to seek records related only to particular technology referenced in the request, and not the FBI's alleged use of that technology to appear as news media links. After this suit was filed, the FBI initiated a supplemental search for records potentially responsive to the requests.

## III. Parties' Statements of the Statutory Basis for All Causes of Action and Defenses

a. **Plaintiffs' Statement of the Statutory Basis for its Causes of Action:** The Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), is the statutory basis for all of Plaintiffs' causes of action.

b. **Defendants' Statement of the Statutory Basis for its Defenses:** To the extent particular records prove responsive to Plaintiffs' FOIA requests, Defendants anticipate asserting that at least some of these records are exempt from disclosure under one or more FOIA exemptions. However, because Defendants have not yet completed processing potentially responsive records, Defendants do not know what exemption(s) they will ultimately rely on at this time.

## IV. Summary of the Parties' Meet and Confer Discussions

On October 29, 2015 counsel for Plaintiffs and the Defendants had an initial telephonic meet and confer discussion. During that call, Defendants' counsel informed Plaintiffs' counsel that the FBI was in the process of conducting a search for documents responsive to Plaintiffs' three FOIA Requests, and expected that search to be completed within a week. Accordingly, counsel for the parties agreed to continue their meet and confer discussion on November 6, when Defendants' counsel would be in a better position to discuss both a schedule for the production of documents responsive to the FOIA Requests, and a proposed briefing schedule for this matter.

On November 5, counsel for Defendants requested that the scheduled meet and confer discussion be moved to November 9. Plaintiffs' counsel agreed.

On November 9, counsel for Plaintiffs and Defendants again met and conferred by telephone. During that call, Defendants' counsel informed Plaintiffs' counsel that the FBI had instructed multiple components to search for records responsive to Plaintiffs' FOIA Requests, and that one component of FBI had not yet completed that search. Defendants' counsel proposed a briefing schedule based on a February 26, 2016 deadline for the completion of the processing of records responsive to Plaintiffs' FOIA requests. In order to evaluate the reasonableness of Defendants' proposed schedule, Plaintiffs' counsel requested that Defendants provide the number of documents that have been identified by the FBI as potentially responsive to Plaintiffs' FOIA requests. Plaintiffs' counsel further proposed that Defendants provide Plaintiffs with a *Vaughn* index and information that would permit Plaintiffs to evaluate the sufficiency of the FBI's search for responsive records either contemporaneously with, or shortly after, the production of all records responsive to Plaintiffs' FOIA requests.

On November 10, Defendants' counsel informed Plaintiffs' counsel via email that the FBI estimates that there are perhaps a bit less than 300 potentially responsive records (and likely no more than 350). Defendants' counsel stressed, however, that Defendants will not know how many documents are actually (as opposed to potentially) responsive until after processing is completed. Defendants' counsel further indicated that, although Defendants were willing to consider sharing information in an effort to avoid motion practice or narrow the issues in dispute, they could not commit to providing a draft *Vaughn* index or declaration describing the FBI's search at this time.

Based on the estimated number of potentially responsive records provided by Defendants' counsel, Plaintiffs proposed to Defendants' counsel the briefing schedule set forth in

their concurrently filed proposed scheduling order. Defendants do not believe that the schedule proposed by Plaintiffs is feasible or reasonable and have accordingly submitted their own proposed scheduling order, which is also concurrently filed with this joint statement. As discussed below, although the parties have attempted to reach agreement on a proposed schedule for processing Plaintiffs' FOIA requests and for dispositive motion practice (if necessary), they have fundamental disagreements both about what are reasonable timelines for these tasks and about how this litigation should otherwise be conducted.

V. **Discovery.**

    a. **Plaintiffs' Position Concerning Discovery:** No initial disclosures are needed. Given the facts of this case, including the nature of the records requested by Plaintiffs, some discovery concerning, for example, the sufficiency of the FBI's search for responsive documents, may be necessary. As reflected in their proposed schedule, described below, and their concurrently filed proposed scheduling order, Plaintiffs will evaluate their need for discovery, if any, after responsive documents are produced by Defendants.

    b. **Defendants' Position Concerning Discovery:** It is Defendants' position that discovery is not necessary or appropriate in this case. Defendants further note that discovery is not ordinarily necessary or appropriate in FOIA cases, and do not believe there is any basis for suggesting that it will be appropriate here.

VI. **The Parties' Proposed Scheduling Orders.**

The parties agree that this matter can be resolved by the filing of dispositive motions, and a hearing before the Court on said motions. LCvR 16.3(c)(6). However, the parties disagree as to an appropriate schedule for the production of documents responsive to Plaintiffs' FOIA requests and dispositive motion briefing, and also disagree about whether Defendants should be

required to submit a *Vaughn* index and provide information concerning its search prior to moving for summary judgment.

### a. Plaintiffs' Position Regarding Scheduling

The three FOIA requests at issue in this case have each been pending for more than one year. Particularly in light of Defendants' counsel's representation that only approximately 300 potentially responsive documents have been identified by the FBI, Defendants' proposal that it be granted an additional approximately three and a half months, until February 26, 2016, to review those documents and respond substantively to Plaintiffs' FOIA requests is patently unreasonable and unacceptable. Plaintiffs respectfully request that the Court enter a scheduling order that results in the disclosure of the government records they seek, which are of substantial interest to both the press and the public, without additional undue delay.

Plaintiffs' concurrently filed proposed scheduling order reflects a reasonable schedule that will result in the efficient resolution of this matter within approximately six months. In addition to setting forth a reasonable schedule for the production of records responsive to Plaintiffs' FOIA requests and dispositive motion briefing, Plaintiffs' proposed scheduling order also provides a mechanism for the parties to engage in a meaningful attempt to resolve this matter without motion practice.

Specifically, Plaintiffs' proposed scheduling order requires that, within one week of producing documents responsive to Plaintiffs' FOIA requests, Defendants produce to Plaintiffs a *Vaughn* index setting forth Defendants' grounds for withholding any responsive records. Because "[a]n order requiring a *Vaughn* index is in essence no different than an ordinary discovery order," *Hinton v. Dep't of Justice*, 844 F.2d 126, 131 (3d Cir. 1988), its inclusion in Plaintiffs' proposed scheduling order is appropriate, and will facilitate an efficient resolution of this case. *See Nat'l Treasury Employees Union v. U.S. Customs Serv.*, 802 F.2d 525, 527 (D.C.

Cir. 1986) ("The index required by *Vaughn* is designed to permit adequate adversary testing of the agency's claimed right to an exemption.")  In addition, Plaintiffs' proposed scheduling order requires that, within one week of producing documents responsive to Plaintiffs' FOIA requests, Defendants provide Plaintiffs with information concerning the scope of the search conducted by the FBI to identify responsive records.  Such information will enable Plaintiffs to determine whether motion practice will, in fact, be necessary.  Under Plaintiffs' proposed scheduling order, within one week of receiving that information, Plaintiffs will be required to meet and confer with Defendants' counsel to identify outstanding issues—if any—and submit a joint status report to the Court concerning the need for motion practice.

### b. Defendants' Position Regarding Scheduling

Defendants submit that the schedule proposed by Plaintiffs is unreasonable and, indeed, that the deadlines Plaintiffs have proposed would be impossible for the FBI to meet.

As noted above, the FBI has not yet completed its search for potentially responsive documents, though the agency believes it is close to doing so.  Upon the completion of its search, the FBI estimates that there will be approximately 300 potentially responsive documents and perhaps as many as 350.  The documents must go through several layers of review before being released to Plaintiffs.  Initially, the documents will be subject to a classification review, which will take approximately 30 working days.  Thereafter, time will be needed for a disclosure analyst to process the records, which will take approximately 30 working days.  This timeframe does not include any records requiring referral or coordination with outside agencies.  Although the FBI does not yet know whether any documents will require referral or coordination, the agency believes it is necessary to add an additional ten days to account for this possibility.  Thereafter, the FBI will need to conduct the standard internal review it conducts for all litigation releases (for which it estimates it needs approximately five days), as well as an additional layer

of review to ensure quality control (for which it estimates it needs approximately ten days). These multiple layers of review, moreover, will all need to occur during a period that includes the Thanksgiving, Christmas, and New Year's weeks, and several of the individuals conducting the review and processing the documents will be in and out of the office. Based on this timeline, the FBI has proposed to Plaintiffs a schedule based on an expectation that it will be able to complete processing of the records by February 26, 2016.

By contrast, Plaintiffs' request that the FBI conclude its search and complete processing of hundreds of potentially responsive documents in two and a half weeks—a period which ***includes*** the Thanksgiving holiday weekend—is patently unreasonable. While Plaintiffs claim this draconian schedule is necessary due to the public interest in the records, every FOIA requester has an interest in the records he or she requests, and beyond granting expediting processing (which requires that the records be produced "as soon as practicable"), the reason that Plaintiff seeks the records is not a relevant consideration under FOIA.

Likewise, there is no basis for Plaintiffs' request that Defendants be required to submit a *Vaughn* index and information concerning the search that was conducted prior to moving for summary judgment. *Vaughn* indexes need not be provided in advance of the Defendants' summary judgment motion, as countless cases have made clear. *See, e.g.*, *Citizens for Responsibility & Ethics in Wash. v. Federal Election Commission,* 711 F.3d 180, 187 n.5 (D.C. Cir. 2013) (explaining that *Vaughn* indexes can be required only as part of the summary judgment process); *Pinson v. U.S. Dep't of Justice*, 975 F. Supp. 2d 20, 32 (D.D.C. 2013); *Stimac v. Dep't of Justice*, 620 F. Supp. 212, 213 (D.D.C. 1985) (noting that "the preparation of a *Vaughn* Index would be premature before the filing of dispositive motions"). Likewise, an agency typically submits a declaration describing the scope of its search when it files its dispositive motion, not before. In any event, the FBI's practice is to provide FOIA requesters

with copies of any page on which redaction is taken, indicating next to the redaction what FOIA exemption applies. Accordingly, for pages produced in part, Plaintiffs will know the basis for the redaction and the context. A draft declaration for those pages would be redundant and cause delay. The FBI is willing, however, to consider providing an informal description of any pages withheld in full in advance of summary judgment, for purposes of narrowing the issues to be briefed on summary judgment.

In addition to being legally meritless, Plaintiffs' assertion that the FBI should be required to complete processing of its request (when it has not yet started processing or completed its search for potentially responsive records) *as well as* compile an index potentially covering hundreds of documents, *and* submit a description of its search—all within a matter of weeks in the middle of the holiday season—is unreasonable. Defendants will of course consider sharing information with Plaintiffs after processing of their request is completed. But there is no basis for the requirements Plaintiffs seek to impose, particularly on the unreasonable timelines they suggest.

Defendants accordingly propose an alternative schedule, which reflects a far more reasonable estimation of the time that is needed for processing the requests and filing dispositive motions (if necessary). As reflected in Defendants' proposed scheduling order, Defendants ask that they be given until February 26, 2016 to complete their search, process all potentially responsive records, and release all responsive, non-exempt material to Plaintiffs. Given the factors set forth above—the number of potentially responsive records, the need for multiple layers of administrative review, classification review, and possible referrals to outside agencies as to particular documents, as well as the intervening holidays—Defendants submit that this is a reasonable timeframe. The FBI has limited resources and must respond to thousands of administrative requests (including approximately 190 requests in litigation before Courts

9

nationwide).  Although Plaintiffs understandably would like to receive any responsive materials sooner, the processing timeframe they have proposed is simply unreasonable.

Defendants further propose that they file their dispositive motion (if necessary) within approximately 30 days after processing has been completed.  This timeframe is reasonable and, indeed, standard for a case of this nature.  Finally, Defendants propose a schedule for the remaining dispositive motion briefing, which Defendants likewise submit is reasonable and respectfully request that the Court approve it.

Dated:  November 12, 2015

      Respectfully submitted,

*/s/ Katie Townsend*
Katie Townsend
DC Bar No. 1026115
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1250
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
Email: ktownsend@rcfp.org

*Counsel for Plaintiffs*


BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director
U.S. Department of Justice
Civil Division, Federal Programs Branch

 */s/ Andrew M. Bernie*
ANDREW M. BERNIE (DC BAR# 995376)
Trial Attorney
U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone:  (202) 616-8488
Fax:  (202) 616-8470
E-mail:  andrew.m.bernie@usdoj.gov

*Counsel for Defendants*