## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**, <br><br> Plaintiff, <br><br> v. <br><br> **FEDERAL BUREAU OF INVESTIGATION**, <br><br> and <br><br> **UNITED STATES DEPARTMENT OF JUSTICE** <br><br> Defendants. | Civil Action No. 18-cv-00345 (RJL) |
| **THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS** <br><br> and <br><br> **THE ASSOCIATED PRESS,** <br><br> Plaintiffs, <br><br> v. <br><br> **FEDERAL BUREAU OF INVESTIGATION** <br><br> and <br><br> **UNITED STATES DEPARTMENT OF JUSTICE** <br><br> Defendants. | Civil Action No. 15-cv-01392 (RJL) |

## REPLY IN SUPPORT OF MOTION TO CONSOLIDATE

Plaintiff Reporters Committee for Freedom of the Press ("Reporters Committee" or

"RCFP"), by and through its undersigned counsel, respectfully submits this Reply in Support of

its Motion to Consolidate the above-captioned actions.  The Reporters Committee has moved for

consolidation based on a predominance of common factual and legal issues that would be far

more efficient for the parties and the Court to address in a single action.  Indeed, in both cases

the Reporters Committee seeks the same relief from the same agency defendants under the

Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"):  access to agency records concerning the

FBI's practice of impersonating members of the news media.

In opposing consolidation, the Federal Bureau of Investigation ("FBI") and the United

States Department of Justice ("DOJ") (collectively, "Defendants" or the "Government") argue

that the Court should adjudicate these two actions separately because they are "in different

procedural postures" and involve "overlapping but distinct" FOIA requests.  Gov. Opp. at 2.  The

Government's arguments lack merit.  Consolidation is warranted under the circumstances here.

## ARGUMENT

### I.      Overwhelming common issues of law and fact support consolidation; the Government's arguments in opposition to consolidation are unavailing.

The Government concedes, as it must, that the Court has broad authority to consolidate

the above-captioned actions currently pending before it.  Gov. Opp. at 4.  And the Government

also acknowledges, as it must, that the two actions involve FOIA requests made by the Reporters

Committee to the same agency defendants for records related to a single topic:  FBI

impersonation of members of the news media.  Gov. Opp. at 5.  The Government nevertheless

urges the Court to deny the Reporters Committee's Motion because, in its view, the two cases are

in "different procedural postures."  *Id.*  The Government's arguments are unavailing.

First, the Government's presumption that Civil Action No. 15-1392 is "unlikely to require much judicial attention" and "should resolve in the relatively near future," Gov. Opp. at 6, reflects an improperly dismissive view of the D.C. Circuit's ruling remanding that action to this Court for further proceedings.  *Reporters Comm. for Freedom of the Press v. FBI*, 877 F.3d 399 (D.C. Cir. 2017).  The D.C. Circuit held not only that the Government's declarations in support of its motion for summary judgment were inadequate to establish that it had conducted a sufficient search for relevant material, but also that the Government's search was deficient because the FBI failed to search the Office of its Director for responsive records.  *Id*. at 403–07. Thus, pursuant to the D.C. Circuit's ruling, the Government is required on remand to conduct additional searches for relevant material in connection with Civil Action No. 15-1392.  And those additional searches will necessarily overlap with searches being conducted by the FBI in connection with Civil Action No. 18-345; the FOIA request at issue in that case will also necessitate a search of, among other locations, the Office of the Director.

In addition, pursuant to the D.C. Circuit's ruling, the Government will have to submit a new agency declaration in support of summary judgment as to the adequacy of its search efforts in Case No. 15-1392.  That declaration will need to, *inter alia*, address the defects identified by the D.C. Circuit.[1]  As the Government acknowledges, summary judgment briefing, including an agency declaration supporting any motion for summary judgment by the Government, will also "more likely than not" be necessary in Civil Action No. 18-345.  Gov. Opp. at 7 (noting that, in

---

[1] Specifically, the D.C. Circuit held that (1) the FBI's declarations concerning its searches of the agency's internal divisions did not sufficiently describe the files or record systems examined or how the searches were conducted; (2) the FBI's declarations failed to justify its decision to limit its search to the FBI Operational Technology Division for records concerning the FBI's use of web links to what are, or appear to be, news media articles to install surveillance software; and (3) the FBI should have searched the FBI Office of the Director for responsive records. *Reporters Comm. for Freedom of the Press*, 877 F.3d at 403–07.

the Government's view, "disagree[ment] about the scope of the search and/or any exemptions that the FBI may assert" is "more likely than not"). In sum, though the Government attempts to make much of the fact that Civil Action No. 15-1392 has been "pending for years," Gov. Opp. at 8, as a result of the D.C. Circuit's remand of Civil Action 15-1392, that action has been placed back before this Court in much the same procedural position as Civil Action No. 18-345. The Government must conduct searches for relevant material and must submit declarations to the Court in support of summary judgment in both matters.

The Government's premature speculation that it may argue that issue preclusion bars the Reporters Committee and The Associated Press ("AP") from challenging the withholding of records in Civil Action No. 15-1392 is not a basis to deny consolidation. Even assuming, *arguendo*, that an argument predicated on issue preclusion would have any merit here—a proposition that the Reporters Committee disputes[2]—consolidation would not prevent this Court from considering such an argument if and when the issue is properly presented to it. Moreover, the Government's focus on its prior withholdings in Civil Action No. 15-1392 is, at best, a red herring. In response to the requests at issue in Civil Action No. 15-1392, the Government located and processed fewer than 300 pages of records. Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. and in Supp. of Pls.' Mot. for Summ. J. and/or Partial Summ. J. at 12, No. 15-cv-1392, ECF No. 19-1. Of the 186 pages of records it ultimately released in whole or in part, only 11 pages were dated during or after October 2014; the remainder of the records dated from 2007.

---

[2] *See Elec. Frontier Found. v. Dep't of Justice*, 141 F. Supp. 3d 51, 56 (D.D.C. 2015) (holding that issue preclusion does not bar a FOIA requester from filing a lawsuit seeking records related to, but distinct from, those litigated in an earlier case). Notably, neither of the two cases cited by the Government in support of their anticipated issue preclusion argument are FOIA actions. *See Does I Through III v. District of Columbia*, 593 F. Supp. 2d 115, 122 (D.D.C. 2009) (Section 1983 claims); *Yahama Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (claims related to the Tariff Act and Lanham Act).

*Id.* at 9, 13.  The Reporters Committee and AP argued—and the D.C. Circuit agreed—that the Government failed to conduct a sufficient search for relevant material in response to the requests at issue in Civil Action No. 15-1392.  *Reporters Comm. for Freedom of the Press*, 877 F.3d at 403–07.  Thus, primarily at issue on remand—and in Civil Action No. 18-345—are those records that the FBI never searched for, located, or processed to begin with.[3]

The Government criticizes the Reporters Committee for "rel[ying] on cases with materially similar or identical causes of action brought under similar circumstances by similarly situated plaintiffs" in support of its Motion to Consolidate.  Gov. Opp. at 8.  Yet that precisely describes the two actions presently before this Court.  In both actions the Reporters Committee seeks relief pursuant to FOIA and, specifically, seeks access to records from the same agency related to the same practice.  Courts have not hesitated to consolidate FOIA actions in similar circumstances.  *See, e.g.*, Order, *Media Research Center v. Dep't of Justice*, No. 10-cv-02013 (D.D.C. Apr. 21, 2011); Order, *Am. Civil Liberties Union v. Dep't of Justice*, No. 06-cv-00214 (D.D.C. Feb. 9, 2005); Order, *Long v. Dep't of Justice*, No. 02-cv-02467 (D.D.C. May. 12, 2003); *Judicial Watch, Inc. v. Dep't of Energy*, 207 F.R.D. 8, 9 (D.D.C. 2002).  Indeed, the Government fails to identify a single case in which a court declined to consolidate FOIA actions filed by similarly situated plaintiffs seeking records from the same agency related to the same practice, and the Reporters Committee is not aware of any.

---

[3] Indeed, the "purpose of the Reporters Committee's Request" that is at issue in Civil Action No. 18-345 "is to seek more recent records concerning the FBI's impersonation of members of the news media, including records that the Reporters Committee is informed and believes were not identified by the FBI in its previous search for records responsive to the earlier requests" at issue in Civil Action No. 15-1392.  Compl. at ¶ 25, *Reporters Comm. for Freedom of the Press v. FBI*, No. 18-cv-345 (D.D.C. Feb. 14, 2018).

The cases relied upon by the Government, on the other hand, are wholly inapposite.  For example, *Klayman v. Judicial Watch, Inc.*, 255 F. Supp. 3d 161 (D.D.C. 2017) concerned a plaintiff's motion to consolidate a breach of contract claim against his former employer with a separate breach of contract action filed against the same employer.  In denying the motion to consolidate, the district court concluded that consolidation would result in "significant delay" because "[a] trial date has been set for [one] action, while the [other] action has yet to proceed to discovery"—a far cry from the circumstances here.  *Id.* at 174–75.  The Government's reliance on *Singh v. Carter*, 185 F. Supp. 3d 11 (D.D.C. 2016), a case involving requests for religious accommodation from the military, is equally misplaced.  There, the district court denied a motion to consolidate where the two cases at issue involved plaintiffs in different military branches and different legal claims, and where, in one of the cases, a preliminary injunction motion had already been resolved.  *Id.* at 25–26.  Finally, the Government's citation to *Stewart v. O'Neill*, 225 F. Supp. 2d 16 (D.D.C. 2002), provides it no help.  The Government's parenthetical description of that opinion as "denying consolidation where three cases were in 'vastly different procedural postures,' with a class settlement in one case, substantial discovery underway in a second case, and no answer yet filed in the third case," Gov. Opp. at 9, alone demonstrates how wholly inapplicable it is.

In sum, both actions presently before this Court will require the FBI to conduct searches of the same locations (*i.e.*, the Office of the Director) for records related to the same general subject matter:  the FBI's practice of impersonating members of the news media.  It is anticipated that in both cases summary judgment briefing, including declarations on behalf of the

FBI, will be necessary.  These two FOIA actions are perfect candidates for consolidation; none

of the Government's arguments to the contrary have merit.[4]

**II.      Consolidation will not prejudice any party or delay proceedings; it will conserve party resources and serve judicial economy.**

"[C]onsolidation is a purely ministerial act which … relieves the parties and the Court of

the burden of duplicative pleadings and Court orders."  *New York v. Microsoft Corp.*, 209 F.

Supp. 2d 132, 148 (D.D.C. 2002).  Contrary to the Government's assertions, there is no

indication that consolidation here will unduly delay proceedings or prejudice any of the parties.

As detailed in the Reporters Committee's Motion and above, both Civil Action No. 15-

1392 and Civil Action No. 18-345 concern overlapping FOIA requests seeking agency records

related to the same FBI practice.  Both actions will require additional searches for responsive

records and it is likely that both cases will require summary judgment briefing.  The Reporters

Committee is perplexed as to why the Government would prefer to expend additional,

unnecessary time and resources to brief many of the same issues in two separate cases pending

before the same judge.

The Government's opposition fails to address the significant judicial resources that would

be conserved by consolidation.  *See Hanson*, 256 F.R.D. at 21–23 (consolidating cases where

consolidation will "save time and effort for the court and for the defendants by resolving this

---

[4] The Government spends one paragraph speculating that the AP's participation in Civil Action 15-1392 could potentially delay proceedings in a consolidated action if the parties disagree "on scheduling or strategic matters[.]"  Gov. Opp. at 9.  The Government overlooks the fact that courts in this district have consolidated FOIA cases seeking the same categories of documents where the cases had entirely different plaintiffs but the same agency defendants.  *See Judicial Watch*, 207 F.R.D. at 9.  The District of Delaware case cited by the Government is not only non-binding on this Court, it is distinguishable—the FOIA actions at issue here involve similarly situated plaintiffs and arise from the same set of facts.  *See Nash v. Connections CSP, Inc.*, 2017 WL 6521364, at *4 (D. Del. Dec. 19, 2017) (different plaintiffs and different incidents giving rise to each plaintiff's claims).

issue in one proceeding rather than two"). And the Government cites no prejudice that would be suffered by any of the parties if these actions were consolidated.[5]  Indeed, the Government admits that its undersigned counsel is defending both actions, and acknowledges that Reporters Committee attorneys serve as lead counsel for the Plaintiffs in both actions; this provides further support for preserving the parties' and the Court's resources via consolidation.

## **CONCLUSION**

For the reasons set forth in the Reporters Committee's Motion and above, consolidation is warranted.

Dated March 30, 2018

Respectfully submitted,

/s/ Katie Townsend
Katie Townsend
DC Bar No. 1026155
Adam A. Marshall
DC Bar No. 1029423
Jennifer A. Nelson
DC Bar No. 1011387
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1250
Washington, DC 20005
Phone:  202.795.9300
Facsimile:  202.795.9310
Email:  ktownsend@rcfp.org

*Counsel for The Reporters Committee*
*for Freedom of the Press*

---

[5] The Government asserts that Reporters Committee has "failed to show that it would be prejudiced should the Court decline to consolidate the actions."  Gov. Opp. at 10.  This misstates the standard for consolidation.  "Courts weigh considerations of convenience and economy *against* considerations of confusion and prejudice." *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003) (emphasis added).  The Reporters Committee is not required to show that prejudice will result if the cases are not consolidated.